UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07193-AH-(Ex) | Date | September 14, 2026 |
| Title | *Parker Hupf v. State of California, et al.* | | |

Present: The Honorable Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. NO. 20) [JS-6]**

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Parker Hupf ("Plaintiff"). Mot., Dkt. No. 20. Defendant the State of California ("Defendant") filed a Notice of Non-Opposition. Dkt. No. 24. The Court deems this matter appropriate for decision without oral argument, and accordingly **VACATES** the hearing currently set for September 23, 2026. Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## I. BACKGROUND

This action was originally brought in the Los Angeles Superior Court, alleging, among other claims, violations of the Constitution and federal statute. *See generally* Dkt. No. 1-1. Defendants removed the action based on federal question jurisdiction. *See* Dkt. No. 1. On July 17, 2026, Plaintiff filed a First Amended Complaint ("FAC"), eliminating all federal causes of action from the initial complaint and bringing only state causes of action against Defendant. *See generally* FAC, Dkt. No. 14.

On August 25, 2026, Plaintiff filed the instant Motion to Remand. Dkt. No. 20.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

## III. DISCUSSION

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

Here, although Defendant removed this matter based on the federal claims in the original complaint, Plaintiff amended her complaint to remove those claims. Therefore, the Court no longer has jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. The parties' stipulation to continue the scheduling conference in this case is therefore **DENIED AS MOOT**. This case is remanded to the Los Angeles Superior Court, Case No. 26STCV13823. All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**